**In the Matter of Stephen P. ULLRICH, Respondent.**

**No. 49S00–0906–DI–259.**

Supreme Court of Indiana.

Dec. 22, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** During 2007, Respondent used his attorney trust account for business and personal purposes because his office and personal checking ac-

counts were closed. He wrote checks on the trust account that were returned for insufficient funds and allowed the account to run a negative balance. Respondent was cooperative with the Commission in its investigation, contacted the Judges and Lawyers Assistance Program in July 2007, and has participated in treatments for alcohol problems.

**Violation:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.15(a): Failure to hold property of a client separate from lawyer's own property.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (regarding the nature of Respondent's trust account).

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning on the date of this order, all stayed subject to completion of 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.